## KRAMER v. WELCH.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1573. Decided Oct. 27, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

791. MOTIONS AND ORDERS—85. Appeal.

Order of Municipal Court, vacating judgment, held not final order which could be reviewed in Court of Common Pleas.

Error to Common Pleas.
Petition dismissed.

C. L. Corkwell and H. H. Larrimer, Columbus, for Kramer.

Wm. N. Payne, Columbus, for Welch.

FULL TEXT.

BY THE COURT:

(Permeding, Kunkle and Allread, JJ. concurring.)

This case has been submitted upon certain motions to strike the petition in error and the bill of exceptions from the files. The petition in error was filed December 10, 1926. The case originated in the Municipal Court where there was a verdict and judgment for $250.00 and costs. The defendant appealed to the Court of Common Pleas. A petition was filed and upon the petition the case was submitted to a jury which returned a verdict in favor of plaintiff for $500.00 and a judgment was rendered for the amount of the verdict and costs. The judgment was rendered May 21, 1926. June 14th the defendant filed a motion to vacate the judgment and filed affidavits in support thereof. The motion also sought for leave to file an answer, the answer being tendered. July 19th application for a re-hearing was filed by plaintiff; September 20th the defendant's answer was filed and the judgment was vacated.

On October 22nd the plaintiff's motion for a re-hearing was overruled; November 27th the bill of exceptions was filed which was subsequently allowed. The petition in error being filed on December 30th, 1926, such petition in error was too late to review any judgment except the order on October 22 overruling plaintiff's motion for re-hearing. So also the bill of exceptions was only filed within time to review the judgment of the court overruling the motion for a re-hearing, so that technically the petition in error and the bill of exceptions stand for the purpose of reviewing the order of the trial court in refusing to grant a rehearing on the motion to vacate. It is questionable whether there is anything presented in favor of the reviewing of this order of October 22nd, 1926, overruling the motion for a re-hearing. All the other matters passed upon

by the court have been finally determined and are not capable of being reached by the petition in error or the bill of exceptions.

While the case was not submitted on the merits we are of the opinion that this court is prepared to decide the merits of the petition in error. In the first place there is a question as to whether the order vacating the judgment is a final order which can be reviewed in the Court of Common Pleas. In the case of Continental Trust Company vs. The Home Fuel & Supply Company, 99 OS. 453, it was held that the vacation of a judgment rendered on cognovit and the granting of a new trial is not a final order from which proceedings in error may be prosecuted. In the case of Chandler-Taylor Company vs. Southern Pacific Company, 14th Appeals, 469 it was held that the order setting aside a judgment by default in the same term in which the judgment was rendered in giving leave to file an answer is not a judgment within the meaning of Section 6, Article IV of the constitution and the petition in error was dismised. This case reached the Supreme Court in the 104th Ohio State, 169, and the judgment of the lower court dismissing the petition in error was affirmed, the syllabus being as follows:

"An order vacating default judgment upon a motion of the defendant, filed at the same term but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

We are clearly of opinion that the trial court did not abuse its discretion. An answer had been filed in the Municipal Court in the present case which upon its face stated a good defense. Upon the trial of the case in Municipal Court the judgment was reduced from the amount granted to $250.00. This made a good defense at least to that extent. The motion to vacate the judgment in this case was filed during term time and the defendant offered an answer stating a good defense, also certain evidence tending to prove a good defense. This was a sufficient showing to justify the trial court in vacating the judgment. We are, therefore, of the opinion that the same judgment should be entered here as was entered in the case of Chandler-Taylor Company vs. Southern Pacific Company, to-wit, that the petition in error be dismissed.